IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LAWRENCE FRANKLIN,

    Plaintiff,

v.

OFFICER MCNEAL, et al.,

    Defendants.

CIVIL ACTION NO.: 5:24-cv-43

**O R D E R**

Plaintiff filed a Motion, requesting that Defendants "be removed from their duties as corrections officers and jailed." Doc. 15 at 1. Plaintiff also seeks a transfer to a different unit in Ware State Prison, where he is housed. Id. at 4. For the following reasons, the Court **DENIES** Plaintiff's Motion.

The responsibility to investigate and prosecute crimes "is entrusted to the executive branch of the government and not the judiciary." Logan v. Hall, 604 F. App'x 838, 841 (11th Cir. 2015) (citing United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000)). The Court, therefore, has no authority to "jail" corrections officers. Further, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that . . . are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 562 (1974). Therefore, the court cannot order prison administrators to discipline their own staff. See LaMarca v. Turner, 995 F.2d 1526, 1543 (11th Cir. 1993) (finding a lower court's order that a prison administrator discipline guards "unnecessarily intrude[d]" on the prison's operations). In sum, Plaintiff has not demonstrated

any legal basis for any of his requested forms of relief.  To the extent that Plaintiff requests additional injunctive relief, his request is premature, as no Defendant had been served at the time he filed the Motion, and no Defendant has been given the opportunity to respond to Plaintiff's allegations.  Should Plaintiff wish to pursue a temporary restraining order or preliminary injunction, he may renew his request in a properly filed motion.

**SO ORDERED**, this 16th day of June, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA