**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

LAWRENCE FRANKLIN,

      Plaintiff,

      v.

ROBERT DANFORTH, JASMINE KNOX,
and TYRONE OLIVER,

      Defendants.

CIVIL ACTION NO.: 5:24-cv-43

## O R D E R

Defendants filed a Motion to Dismiss. Doc. 31. Plaintiff filed a Response, opposing Defendants' Motion. Doc. 37. Defendants filed a Reply. Doc. 39. For the following reasons, I **GRANT** Defendants' Motions to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint based on his lack of candor, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and **CLOSE** this case. I further **DENY** Plaintiff leave to appeal *in forma pauperis*. Plaintiff also filed a Motion for an Injunction. Doc. 40. Because I am dismissing Plaintiff's Complaint in its entirety, I **DENY as moot** Plaintiff's Motion.

## BACKGROUND

Plaintiff, an inmate at Ware State Prison ("Ware"), filed a Complaint, asserting Eighth Amendment and Fourteenth Amendment claims under 42 U.S.C. § 1983. Doc. 1. Plaintiff then filed an Amended Complaint. Doc. 18. Plaintiff alleges that Defendants threatened to have him killed or moved in retaliation for filing a lawsuit. Id. at 7. Plaintiff requests compensatory damages and injunctive relief.

Defendants filed this Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies.  Doc. 31 at 7.  Defendants also argue that Plaintiff failed to truthfully disclose his litigation history and is subject to the "three strikes" rule.  Id. at 9.

**DISCUSSION**

**I.      Plaintiff's Litigation History**

The Complaint form directly asks Plaintiff whether he has "filed other lawsuits in state or federal court dealing with the same facts involved in this action."  Doc. 1 at 9.  Plaintiff responded "yes" and disclosed five prior lawsuits that appear generally to deal with conditions of confinement in other settings.  Id.  The form also asks if Plaintiff has "filed other lawsuits in state or federal court otherwise relating to the conditions of your confinement."  Id.  Plaintiff responded "No."  Id. at 11.  As Defendants point out, Plaintiff's litigation history reveals he filed at least 11 other causes of action prior to executing this Complaint on March 13, 2023.  Doc. 31 at 9.  As noted above, he disclosed five of those.  Of the others, Franklin v. Grand Theft Auto 5 Rockstar Gamemakers appears entirely unrelated to Plaintiff's confinement.  Case No. 1:22-cv-4649 (N.D. Ga. Nov. 21, 2022).  However, five other cases concerned conditions of confinement at a jail or prison.  See Franklin v. Fulton Cnty. Comm'n, Case No. 1:23-cv-350 (N.D. Ga. Jan. 23, 2023); Franklin v. Fulton Cnty. Comm'n, Case No. 1:23-cv-353 (N.D. Ga. Sep. 5, 2025); Franklin v. Commissary Supervisor, Case No. 1:23-cv-629 (N.D. Ga. Feb. 9, 2023); Franklin v. Beasley, Case No. 6:23-cv-37 (S.D. Ga. June 2, 2023); and Franklin v. Oliver, Case No. 5:25-cv-20 (S.D. Ga. Feb. 28, 2025).  Plaintiff did not disclose this prior litigation history.

Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff engaged in

2

bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915.  Redmon v.

Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original)

(quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition, Federal Rule

of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for

"knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ.

P. 11(c)).  Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se

status will not excuse mistakes regarding procedural rules."  Id. at 226.

Relying on this authority, the Eleventh Circuit has consistently upheld the dismissal of

cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on

the face of the § 1983 complaint form.  See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's

nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process

resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010)

(same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same);

Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Here, Plaintiff filed a Complaint and had ample opportunity to explain his prior litigation

history but failed to do so.  Doc. 1.  Further, even if he provides an explanation for his lack of

candor, the Court is free to reject the proffered reason as unpersuasive.  See, e.g., Redmon, 414

F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's

explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—

did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406

F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have

known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding not

having documents concerning prior litigation and not being able to pay for copies of same did

not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the

information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were

considered, but the district court was correct to conclude that to allow [the plaintiff] to then

acknowledge what he should have disclosed earlier would serve to overlook his abuse of the

judicial process.").

Another district court in this Circuit has explained the importance of this information as

follows:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity,
> nor is it an effort to raise meaningless obstacles to a prisoner's access to the
> courts.  Rather, the existence of prior litigation initiated by a prisoner is required
> in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule"
> applicable to prisoners proceeding in forma pauperis).  Additionally, it has been
> the Court's experience that a significant number of prisoner filings raise claims or
> issues that have already been decided adversely to the prisoner in prior litigation .
> . . .  Identification of prior litigation frequently enables the Court to dispose of
> successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014)

(emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint.  On the form, he stated

that he "can't remember" the outcome of previous lawsuits, which could explain his lack of

candor but does not excuse it.  Doc. 1 at 9; see Burrel v. Warden I, 857 F. App'x 624, 624 (11th

Cir. 2021) (affirming dismissal even though the plaintiff claimed he "lacked full memory about

the omitted lawsuit.").  The plain language of the Complaint form is clear, and Plaintiff failed to

answer fully and truthfully.  Doc. 1.  Notably, although Defendants plainly raised Plaintiff's

failure to truthfully disclose his litigation history in the Motion to Dismiss, Plaintiff completely

fails to address that issue, suggesting that he does not oppose dismissal on these grounds.

Consequently, the Court **GRANTS** this portion of Defendants' Motion and **DISMISSES**

4

**without prejudice** this action for Plaintiff's failure to truthfully disclose his litigation history, as required. Because this constitutes an independent basis for dismissal, I decline to consider Defendants' exhaustion defense.

**II.      Leave to Appeal *in Forma Pauperis***

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the foregoing reasons, I **GRANT** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint for lack of candor, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case.  I further **DENY** Plaintiff leave to appeal *in forma pauperis*.  Plaintiff also filed a Motion for an Injunction.  Doc. 40.  Because I am dismissing Plaintiff's Complaint in its entirety, I **DENY as moot** Plaintiff's Motion.

**SO ORDERED**, this 1st day of July, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6